Law Library

FILED
SUPERIOR COURT
OF GUAM

2013 JUL 31 PM 3: 01

## IN THE SUPERIOR COURT
## OF GUAM

NATHAN G. AGUIRRE,

                Petitioner,

      v.

JOSE B. PALACIOS,

                Respondent.

    )
    )
    )
    )
    )
    )
    )
    )
    )

Special Proceedings No. SP0064-09

**DECISION AND ORDER**

## INTRODUCTION

This matter came before the Honorable Judge Michael J. Bordallo on March 20, 2013 on Petitioners' motions to vacate and set aside the Court's October 12, 2009, Decision and Order and motions to amend petition. Petitioner was represented by Attorney Howard G. Trapp. Respondent was represented by Assistant Attorney General Marianne Woloschuk. Having reviewed the memorandum and papers presented and having received the arguments of the parties the Court now issues the following decision denying Petitioner's requests for their failure to comply with the specificity requirements of the laws and rules regulating requests for relief.

## BACKGROUND

This matter arises out of an Amended Petition for a Writ of *Habeas Corpus* filed on September 21, 2009. A jury convicted Petitioner of Aggravated Murder, Murder and two counts of Special Allegation of Possession and Use of a Deadly Weapon in the Commission of a Felony on July 12, 1996. He was sentenced on March 27, 2000. A judgment was filed on February 21, 2003. Following his appeal Petitioner was re-sentenced on November 14, 2008. The term of Petitioner's sentence is Life without Parole.

On April 13, 2011 Petitioner filed four papers. They were entitled: 1) Motion to Vacate and Set Aside Decision and Order; 2) Memorandum in Support of Motion to Vacate and Set Aside Decision and Order; 3) Motion to Amend Petition; and 4) Memorandum in Support of

Motion to Amend Petition. In them Petitioner requests that the Court's October 12, 2009, decision denying his September 21, 2009, amended petition for writ of *habeas corpus* be vacated. In his request to vacate Petitioner argues that the court lacked jurisdiction to hear the matter. To support this argument he cites to the 8 GCA §135.14 statutory requirements. This Section mandates that the Attorney General be served with a copy of the Petition at least 24 hours prior to it being made returnable. Petitioner asserts that the Respondent was not served with a copy of the Petition in accordance with this statue.

In Petitioner's request to amend his September 21, 2009, amended petition, he argues that it should be allowed under Rule 15(a) of the Guam Rules of Civil Procedure's standard of it being required by justice.

On August 15, 2011, Respondent filed a paper in opposition to Petitioner's requests. It was entitled, Respondent's Opposition to (1) Motion to Vacate and Set Aside Decision and Order and (2) To Motion to Amend Petition. In its paper Respondent asserts that at the time of the hearing the mandates of Section 135.14 of Title 8 of the Guam Code had been met. It asserts that a copy of the petition was served upon the Attorney General on April 3, 2009, as evidence by a October 5, 2009 certificate of service. Respondent further argues and asserts that the Respondent's right under the statute may be waived and that it so waives that right.

In opposition to Petitioner's request to amend his petition Respondent argues that Petitioner's requests to amend cannot be supported under any analysis of the appropriate standard or by any assertions of facts. In support of its arguments Respondent cites to applicable portions of the Guam Rules of Civil Procedure for motions to amend pleadings.

Petitioner did not file a reply paper in response to Respondent's opposition.

On May 4, 2012, Petitioner filed two papers entitled, Amended Motion to Amend Petition and Amended Memorandum in Support of Amended Motion to Amend Petition. In his motions Petitioner requests that he be allowed to amend his September 21, 2009, amended petition. In support of this request he argues that his amendment is required by justice because a petition for writ of *habeas corpus* should not be denied for technical irregularities. In support

of this argument he cites to a 2005 California Court of Appeals Case entitled, *Board of Prisons Terms v. Superior Ct.*, 31 Cal. Rptr.3d 70, 89-90 (Cal. Ct. App. 2005).

Respondent on August 30, 2012, filed a paper in opposition to Petitioner's amended requests. In its opposition Respondent compares Petitioner's request to a motion for reconsideration and applying Rules 58, 59, and 60(b) of the Guam Rules of Civil Procedure argues and asserts that Petitioner's request fails under the application of these rules.

Petitioner did not file a reply paper in response to Respondent's opposition paper.

On March 27, 2013, subsequent to the Court's hearing in this matter, Respondent filed a paper entitled, Respondent's Memorandum of Law. In its paper Respondent distinguishes *Martinez v. Ryan*, the U.S. Supreme Court case Petitioner relied upon at the hearing and refutes Petitioner's assertion a he had not yet had the opportunity to raise the claim of ineffective assistance of counsel with the aid of an attorney.

## DISCUSSION

**Motion to Vacate and Set Aside Decision and Order**

Petitioner requests that the Court vacate its October 12, 2009, Decision and Order denying Petitioner's September 21, 2009, Amended Petition for Writ of *Habeas Corpus*, and that he be allowed to amend his amended petition. Respondent opposes these requests.

In the absence of a specific statute or rule regulating the procedures applicable to petitions for writ of *habeas corpus* the Guam Rules of Civil Procedure apply. Guam R. Civ. P. 1. see also, *Rapadas v. Benito*, 2011, Guam 28 ¶¶ 1, 9 ( applying Rule 58 to a writ proceeding). Rule 7(b)(1) of the Guam Rules of Civil Procedure regulates the filing of motions and other papers. It provides,

> An application to the court for an order shall be by motion which, unless made during a hearing or trial, shall be made in writing, shall state with particularity the grounds therefor, and shall set forth the relief or order sought. The requirement of writing is fulfilled if the motion is stated in a written notice of the hearing of the motion.

*Id.* at 7(b)(1). A party's failure to assert the grounds for its request may warrant denial. *In re Estate of Concepcion*, 2003 Guam 12 (Sup. Ct. Guam 2003). In 2008 the Guam Supreme

Court explained the burden a moving party bears when requesting relief under Rule 59 of the Guam Rules of Civil Procedure. *Id.* The *Lamb* court held that "In order to conduct a meaningful review, the parties must articulate their arguments in a way that allows this court to apply recognized rules of law: It is not sufficient for a party 'simply to announce a position or assert an error and then leave it up to this Court to discover and rationalize the basis for his claims, or unravel and elaborate for him his arguments . . . .'" *Lamb v. Hoffman*, 2008 Guam 2, ¶¶ 34-36 (Sup. Ct. Guam 2008). Upon review of the court's decision in *Lamb* and the facial requirements of Rule 7 the Court finds that the *Lamb* Court's interpretation applies equally to all motions and papers brought under Rule 7(b).

In this case the Court is not persuaded that the Petitioner has met the moving requirements mandated by the Court's rules and the Supreme Court's interpretation of them. Although Petitioner asserts that the Court lacked jurisdiction to review and rule upon his petition, he fails to assert or argue the applicable rule allowing for his request, or analyze and argue how the facts of his case apply to the recognized standard which merit the relief he requests. Absent the Petitioner providing this information the Court is left to, "to discover and rationalize the basis for his claims, or unravel and elaborate for him his arguments." *Lamb*, 2008 Guam 2, ¶¶ 34-36. Placing such a burden upon the Court undermines the ideals of due process and fairness.

Furthermore, on their face the court is not persuaded that under any standard or rule it lacked jurisdiction to order and enter its October 12, 2009 Decision and Order. Contrary to the assertions of the Petitioner, there is evidence that the Respondent was served with a copy of the Petition. Moreover, Respondent has waived any right to service under an application of Section 135.14.

**Motion to Amend Petition**

Petitioner requests that he be allowed to amend his September 21, 2009, amended petition for writ of *habeas corpus*, because it is required by justice. Respondent opposes this request. In support of the request Petitioner cites to Rule 15(a) of the Guam Rules of Civil Procedure.

Rule 15(a) regulates the amendment of pleadings. On October 12, 2009, the Court entered an order denying Petitioner's amended petition. Petitioner fails in his request to argue or assert how the standard set forth in rule 15(a) is applicable to pleadings that have been adjudicated. The court unaware of any precedent, binding or persuasive, that applies Rule 15 in such a manner. Absent this the court is unable to analyze or grant Petitioner's request. Guam R. Civ. P. 7(b); *Lamb*, 2008 Guam 2, ¶¶ 34-36. Furthermore, although Petitioner argues that his request is required by justice, he does not explain or arge how his proposed amendments might change the outcome, are not futile, or otherwise merit a finding satisfying justice. Absent Petitioner asserting these facts the court is unable to grant his request.

## CONCLUSION

Based on the foregoing, the Court denies Petitioner's requests to vacate its October 12, 2009, decision and order and amend his September 21, 2009 petition.

SO ORDERED, this 31st day of _____ July _____ 2013.

I do hereby certify that the foregoing is a full true and correct copy of the original on file in the office of the clerk of the Superior Court of Guam

Dated at Hagåtña, Guam

JUL 3 1 2013

Glenric J. Mendiola
Deputy Clerk, Superior Court of Guam

_____
HONORABLE MICHAEL J. BORDALLO
Judge, Superior Court of Guam

Page 5 of 5